OPINION
{¶ 1} Allen Cressel is appealing the judgment of the Montgomery County Municipal Court, which found him guilty of domestic violence and assault.
 {¶ 2} On December 5, 2002, a dispute arose between Cressel and his wife, Lahomea Cressel, in which Cressel did not want to allow her to leave the residence. Lahomea testified at trial that Cressel had choked and slapped her all night. She also testified that she called her mother on several occasions, but had to talk to her in a code in order to try to convey to her that she was being abused without alerting Cressel that she was calling for help. Lahomea was seeking for her mother to come and get her, but her mother was unable to do so. Finally, Lahomea's mother called the police the morning of December 6, 2002. The police reported to the Cressels' address and found Lahomea had bruises and red marks on her neck and face.
 {¶ 3} The police arrested Cressel, and he was subsequently charged with domestic violence and assault. A trial to the bench was held, and Cressel was found guilty of the charges. Cressel now appeals his conviction.
 {¶ 4} Cressel raises the following assignment of error:
 {¶ 5} "The verdict of the trial court was against the manifest weight of the evidence."
 {¶ 6} Cressel argues that Lahomea's testimony is inconsistent and lacks credibility, thereby rendering his conviction against the manifest weight of the evidence. We disagree.
 {¶ 7} When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Thompkins (1997), 78 Ohio St.3d 380, 387,1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." Martin, supra at 175.
 {¶ 8} Cressel points to inconsistencies in Lahomea's testimony regarding when she called her mother and her mother's testimony. Cressel also argues that Lahomea's testimony is inconsistent because she stated Cressel was behind her when he choked her and yet her bruises were on the sides of her neck. We do not think these small inconsistencies render Cressel's conviction against the manifest weight of the evidence.
 {¶ 9} At trial, the State presented the testimony of Lahomea that Cressel had choked her several times throughout the night, each time causing her pain and bruising. Further, Lahomea testified that she had almost lost consciousness on several occasions. Moreover, Lahomea testified that Cressel had slapped her several times throughout the night. Additionally, Lahomea's mother testified that she had received several calls from her daughter that had led her to call the police. When the police arrived, Lahomea was scared and nervous. Lahomea had visible red marks and bruising to her neck and cheek, which the police photographed and entered as evidence at the trial. The trial court was free to find this testimony by Lahomea credible and believe her allegations.
 {¶ 10} After having reviewed the evidence presented at trial, we cannot say that the trial court committed a manifest miscarriage of justice in convicting Cressel. Cressel's assignment of error is without merit and is overruled.
 {¶ 11} The judgment of the trial court is affirmed.
Fain, P.J. and Grady, J., concur.